ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 5 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA

v.                                                     No. 1:14-CR-051-C

ESTEBAN GONZALEZ III

# PLEA AGREEMENT

Esteban Gonzalez III, defendant, Michael L. King, the defendant's attorney, and

the United States of America (the government), agree as follows:

1.   **Rights of the defendant**:   The defendant understands that he has the

following rights:

      a.   to plead not guilty;

      b.   to have a trial by jury;

      c.   to have his guilt proven beyond a reasonable doubt;

      d.   to confront and cross-examine witnesses and to call witnesses in his
defense; and

      e.   against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:   The defendant waives these rights

and pleads guilty to the offense alleged in Count Four of the Superseding Indictment,

charging a violation of 18 U.S.C. § 4, that is, Misprision of Felony.  The defendant

understands the nature and elements of the crime to which he is pleading guilty, and

agrees that the factual resume he has signed is true and will be submitted as evidence.

Esteban Gonzalez III
Plea Agreement - Page 1

3.      **Sentence**:  The maximum penalties the Court can impose include:

    a.      imprisonment for a period of not more than three (3) years;

    b.      a fine not to exceed $250,000.00;

    c.      a term of supervised release up to one (1) year, which is mandatory under the law and follows any term of imprisonment.  If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as imposed by the Court in accordance with law;

    d.      a mandatory special assessment of $100.00;

    e.      restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees will include restitution arising from all relevant conduct for all counts of the indictment, not limited to that arising from the offense of conviction alone;

    f.      costs of incarceration and supervision; and

    g.      forfeiture of property.

4.      **Court=s sentencing discretion and role of the Guidelines**:   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a).  The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court=s consideration of the guidelines in this case.  The defendant will not be allowed to withdraw his plea if his sentence is higher than expected.  The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

Esteban Gonzalez III
Plea Agreement - Page 2

5.    **Mandatory special assessment**:    The defendant agrees to pay to the U.S. District Clerk the amount of $100.00 in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's agreement**:    The defendant shall give complete and truthful information and/or testimony concerning his participation in offense of conviction.  Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  The defendant expressly authorizes the United States Attorney=s Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court.  The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.  The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7.    **Forfeiture**:    The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment and in any bills of particular,

Esteban Gonzalez III
Plea Agreement - Page 3

or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8.    **Government's agreement**:   The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant=s plea of guilty (this is limited to any charges that could be filed for possession, transportation, or receipt of child pornography or child obscenity, and does not restrict this district from filing any charges related to production of child pornography or any kind of sexual abuse or exploitation of a child, if evidence of such conduct is developed). The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will move to dismiss the remaining counts of the indictment, if any, at sentencing. This agreement is limited to the United States Attorney's Office for the

Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9.      **Violation of agreement**:   The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute him for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.      **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.      **Representation of counsel**:   The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer=s legal representation.  The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into

this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.    **Waiver of right to appeal or otherwise challenge sentence**: Gonzalez waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. He further waives his right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Gonzalez, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.    **Entirety of agreement**:   This document is a complete statement of the parties= agreement and may not be modified unless the modification is in writing and signed by all parties.

Esteban Gonzalez III
Plea Agreement - Page 6

AGREED TO AND SIGNED this __24__ day of __March__ , 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY


_____
ESTEBAN GONZALEZ III
Defendant


_____
MICHAEL L. KING
Attorney for Defendant
Texas State Bar No. 24049082

_____
MYRIA BOEHM
Assistant United States Attorney
Texas State Bar No. 24069949
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401-4002
Telephone:    806-472-7351
Facsimile:    806-472-7394
E-Mail:       myria.boehm@usdoj.gov


_____
DENISE WILLIAMS
Deputy Criminal Chief

Esteban Gonzalez III
Plea Agreement - Page 7

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____
ESTEBAN GONZELZ III
Defendant

_____24 Mar 15_____
Date


I am the defendant=s counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client=s decision to enter into this Plea Agreement is an informed and voluntary one.

_____
MICHAEL L. KING
Attorney for Defendant

_____24 Mar 15_____
Date